**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JEFFREY PHILLIPS, et al, | : |
| Plaintiffs, | : Case No. 1:19-cv-00611 |
| | : |
| v. | : Judge Dlott |
| | : |
| | : Magistrate Judge Bowman |
| VILLAGE OF NEW RICHMOND, OHIO, et al, | : |
| | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiffs have filed a class action lawsuit alleging a Constitutional due process violation, among other state-law claims, as a result of allegedly invalid speeding tickets issued against them from allegedly unapproved and unlawful speed cameras. This action is before the Court on Defendant Village of New Richmond's Motion for Judgment on the Pleadings (Doc.38), Defendant Sensys' Motion to Dismiss (Doc. 27), Defendant Sensys' motion for Judgment on the Pleadings (Doc. 41), and the respective responses and replies.

**I.     Background and Facts**

On July 24, 2018, Defendant Village of New Richmond enacted Ordinance 2018-14, following readings at Council meetings on June 25, July 10, and July 24, 2018. (Doc. 18, *Second Amended Complaint*, PageID #218). The Ordinance's purpose, as written on the ordinance form, is "to deter speeding, red-light running, etc., and increase traffic safety within the Village of New Richmond." (*Id.*). The Ordinance also authorizes Defendant Village of New Richmond to "execute the contract with [Defendant] Sensys Gatso USA,

Inc. … to install cameras at Village locations for the purpose of enforcing speeding, red-light running, etc." (*Id.*).

On July 20, 2018 and September 11, 2018, Defendant Village of New Richmond received letters from the Ohio Department of Transportation ("ODOT"). (*Id.* at PageID #205). These letters were attached as Exhibits 2-3 to Plaintiffs' *Second Amended Complaint*. (*See Id.* at PageID ##231-232). Both letters expressed that ODOT would not be approving plans for "speed enforcement cameras … in ODOT right of way or on ODOT owned structures." (*Id.* at PageID #231). The July 20 letter also stated that related signage would not be permitted, but following a response letter from Defendant Village of New Richmond asking ODOT to reconsider its position (See Doc. 18, *Second Amended Complaint*, PageID ##235-236), the September 11 letter stated that "ODOT will permit the installation of signage in the ODOT right of way…for the purpose of notifying the traveling public the devices may be in use," and provided instructions to apply for a sign permit. (*Id.* at PageID 232). The second letter also instructed the removal of any permanent cameras already installed in an ODOT right away. (*Id.*).

Two speed cameras were installed within the Village: 1) at the intersection of U.S. Highway 52 and Front Street ("Front St. Camera"), and 2) near the intersection of U.S. Highway 52 and Adamson ("Adamson Camera") (collectively, the "Speed Cameras"). (Id. at PageID #206). It is unclear when the Speed Cameras in question were installed in the Village, but Defendant Village of New Richmond began issuing "warnings" for alleged speed limit violations captured in May 2019. (*Id.*). These warnings were part of Defendant Village of New Richmond's "public awareness warning period," which lasted from May 1, 2019 through May 30, 2019. (Doc. 23, PageID #259).

Defendant Village of New Richmond began issuing citations for alleged speed limit violations on June 1, 2019. (Doc. 18, *Second Amended Complaint*, PageID #206). Plaintiffs Phillips, Cottrell, Smith, Hauke, and Younts all received one or more citations for alleged speed limit violations captured by the Speed Cameras, each with a fine of $85.00.[1] (*Id.* at PageID ##206-208). Plaintiff Younts is the only named plaintiff who paid the fine. (*Id.*).

In their *Second Amended Complaint*, Plaintiffs assert that all of the citations and fines issued via the Speed Cameras were invalid due to Defendants not receiving authorization from the Director of ODOT to install the cameras. (*Id.* at PageID #206). Plaintiffs propose to represent "[a]ll persons who were issued a citation from either the Front St. Camera or the Adamson Camera for allegedly traveling in excess of the posted speed limit on and after June 1, 2019," who have paid (Subclass 1) or have not paid (Subclass 2) any fine attached to the citations. (*Id.* at PageID #208). Plaintiffs assert four claims: Count One, a Due Process violation under 42 U.S.C. §1983, against Defendant Village of New Richmond; Count Two, a request for Declaratory Judgment that Defendant Village of New Richmond violated the Ohio Constitution; Count Three, Equitable Restitution for unjust enrichment to Defendants; and Count Four, Civil Conspiracy against Defendants. (*Id.* at PageID ##210-215).

Defendant Sensys has filed a Motion to Dismiss for Failure to State a Claim as to Count Three against it, as well as filed a Motion for Judgment on the Pleadings as to Counts Three and Four against it. Defendant Village of New Richmond has filed a Motion for Judgment on the Pleadings as to all four counts against it. Given that this Court's

---

[1] Each of the citations attached to the Complaint list Village of New Richmond Ohio Codified Ordinances #2019-06 and #2019-07 as the authority for issuing the tickets, not Ordinance 2018-14.

3

jurisdiction over this case is created by Defendant Village of New Richmond's alleged violation of Plaintiffs' Constitutional Due Process rights, the undersigned will address Defendant Village of New Richmond's Motion for Judgment on the Pleadings first.

**II. Analysis**

**A. Standard of Review**

The Sixth Circuit applies the same standard to Rule 12(c) motions for judgment on the pleadings as to motions to dismiss under Rule 12(b)(6). *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). A complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c) if there is no law to support the claims made, if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

**B. Defendant Village of New Richmond's Motion for Judgment on the Pleadings is well-taken.**

Defendant Village of New Richmond sets forth several arguments in its Motion. First, that the Speed Cameras do not constitute "traffic control devices" as regulated by ODOT. Second, that Plaintiffs cannot establish any due process violation. Third, that Plaintiffs are not entitled to equitable restitution. Fourth, that Plaintiffs cannot establish any alleged civil conspiracy claim. Fifth, that Plaintiffs have no legal standing to claim punitive damages. These arguments will be addressed in turn.

*1. Do the Speed Cameras constitute "traffic control devices"?*

Defendant Village of New Richmond first asserts that Plaintiff's entire case relies on an interpretation of Ohio state traffic law that defines the Speed Cameras as "traffic control devices." Defendant Village of New Richmond argues that the correct interpretation of Ohio state traffic law is one that does not include Speed Cameras in the

definition of "traffic control devices." Under this interpretation, it does not matter if Defendant Village of New Richmond did not receive approval for the Speed Cameras, as Plaintiffs allege, because they are not subject to that requirement under Ohio law.

ORC §4511.10 states that "no local authority shall place or maintain any traffic control device upon a highway under the jurisdiction of the department except by permission of the director of transportation." "Traffic control device" is defined as "a flagger, sign, signal, marking, or other device used to regulate, warn or guide traffic, placed on, over, or adjacent to a street, highway, private road open to public travel, pedestrian facility, or shared-use path by authority of a public agency or official having jurisdiction." O.R.C. §4511.01(QQ).

ORC §4511.11(A) states that "local authorities in their respective jurisdictions shall place and maintain traffic control devices in accordance with the department of transportation manual for a uniform system of traffic control devices." This manual, the Ohio Manual of Uniform Traffic Control Devices ("OMUTCD"), was last updated in 2012. The OMUTCD further defines and provides examples of "traffic control devices" in Section 1A.08, titled "Authority of Placement of Traffic Control Devices." This section states that "devices whose purpose is to assist fire or law enforcement personnel" are "not considered to be traffic control devices and provisions regarding their design and use are not included in this Manual." Ohio Department of Transportation, OMUTCD, §1A.08 (2012). "Photo enforcement systems" are listed as an example of such a device. *Id.*

"Photo enforcement system" as a specific term is not further defined in the OMUTCD or in the ORC, but ORC Sections 4511.0914 and 4511.092 - 4511.097 do govern "traffic law photo-monitoring devices," which are defined as "electronic system[s]

5

consisting of a photographic, video, or electronic camera and a means of sensing the presence of a motor vehicle that automatically produces recorded images." O.R.C §4511.092. Some of these sections outline requirements of using traffic law photo-monitoring devices. *See* §4511.094 ("Signs required for photo-monitoring devices"); §4511.095 ("Prerequisites for deployment of device"). None of these sections state a requirement that a local authority get approval from the Director of ODOT prior to placing a device.

Plaintiffs object to Defendant Village of New Richmond's use of the OMUTCD to supplement the definition of "traffic control devices" as listed in ORC §4511.01(QQ). However, a court is permitted to consider "memoranda, briefs, and oral arguments on legal issues in determining whether a complaint should be dismissed for failure to state a claim … and this material is not considered to constitute matters outside the pleadings that would necessitate a summary-judgment determination." *State ex rel. Scott v. City of Cleveland*, 112 Ohio St. 3d 324, 328 (2006). Additionally, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint … may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997). It is permissible for this Court to consider the OMUTCD in determining the legal question of whether the Speed Cameras qualify as "traffic control devices." Here, the OMUTCD explicitly states that "photo enforcement systems" are not regulated by the manual, which is statutorily required to include all "traffic control devices." Thus, Defendants did not violate ORC §4511.10 by installing the Speed Cameras without express approval by ODOT Director.

6

Plaintiffs also assert that letters sent from ODOT to Defendant Village of New Richmond in response to the Village's plan to enact a speed camera program were an exercise of the Director's plenary authority, rejecting the plan and as a result making the subsequent installation of the Speed Cameras unlawful. (Doc. 42 at PageID ##412-413). Plaintiffs argue that the Director "refused to give the Village permission to install the Speed Cameras … [and] effectively placed a 'ban' on the Village's use of Speed Cameras, which pursuant to O.R.C. §4511.0914, precluded the Village's use thereof." ORC §4511.0914 does recognize that bans on the use of traffic law photo-monitoring devices are not affected by the enactment of ORC §§4511.092 to 4511.0912, whether such bans took effect prior to or following the effective date of those sections. However, ODOT did not "ban" the use of speed cameras in the Village of New Richmond.

The directive in the letters relies on authority granted to ODOT in ORC §5515.01 ("Permits granted to use or occupy portion of road or highway") and §5501.31 ("Director of Transportation – power and duties"), and explicitly restricts its rejection to the placement of cameras "in ODOT right of way or on ODOT owned structures." (Doc. 18, PageID#234). If an outright ban was the subject of the letters as Plaintiffs, there would not be language in the second letter – sent as a response to Defendant Village of New Richmond Administrator Greg A. Roberts' plea to ODOT to reconsider the initial rejection of both cameras *and* signage – permitting the installation of signage in the ODOT right of way, subject to certain statutory requirements. Notably, neither letter refers to the cameras as "traffic control devices." Defendant Village of New Richmond was permitted to place speed cameras outside of ODOT right of way, and Plaintiffs do not allege in their

7

Complaint, or in their subsequent response to Defendant's Motion for Judgment on the Pleadings, that the Speed Cameras are in ODOT right of way.

Defendant Village of New Richmond was subject to other requirements under ORC §§ 4511.093-4511.095. ORC §4511.093 requires that a law enforcement office be "present at the location of the device at all times during the operation of the device" and that the local authority comply with §§4511.054 ("Signs required for photo-monitoring devices") and 4511.095 ("Prerequisites for deployment of device"). Plaintiffs' Complaint recognizes that Defendant Village of New Richmond observed the "public awareness warning period" required under §4511.095(A)(4) (*See* Doc. 18, *Second Amended Complaint*, PageID #206). Plaintiffs' Complaint Exhibit 4, a letter from Village Administrator Greg A. Roberts to ODOT, also includes mention of Defendant Village of New Richmond's findings from a safety study, accounting accidents that had occurred at the site of the Speed Cameras within the three-year period prior to installing the Speed Cameras, as is required under §4511.095(A)(1). At no point in their Second Amended Complaint do Plaintiffs contest that this safety study took place.

While there is no mention within the pleadings of Defendant Village of New Richmond conducting a public information campaign (as required by §4511.095(A)(2)) or publishing a notice in a local newspaper announcing the Village's intent to install the Speed Cameras (as required by §4511.095(A)(3)), Plaintiffs do not challenge the legality of the Speed Cameras under these statutory requirements. Under this review, Defendant Village of New Richmond did not improperly install the Speed Cameras.

> *2. Are valid tickets issued by the Speed Cameras a Constitutional Due Process violation?*

Plaintiffs' allege in Count One of their Second Amended Complaint that Defendant Village of New Richmond violated their Fourteenth Amendment rights against "depriv[ation] … of life, liberty, or property, without due process of law." In their Response to Defendant Village of New Richmond's Motion for Judgment on the Pleadings, Plaintiffs for the first time also cite violations of their Fifth Amendment rights and Eighth Amendment rights, which protect them from takings without just compensation and excessive fines, respectively. Each of these alleged violations rely on the Defendant Village of New Richmond's speed camera program being "illegitimate," "invalid," and "arbitrary and unauthorized." (Doc. 42, PageID ##415-416). As discussed above, the Speed Cameras were not installed in violation of Ohio state law. However, the undersigned will address each of Plaintiffs' alleged Constitutional injuries in turn.

First, there has been no "taking" of Plaintiffs' property in violation of the Fifth Amendment. The 6th Circuit has previously found that a citation issued due to a speeding violation captured by camera was not a taking, because "the challenged ordinance [did] not seize or otherwise impair an identifiable fund of money." *McCarthy v. City of Cleveland*, 626 F.3d 280, 286 (6th Cir. 2010). Here, the citations issued to Plaintiffs did not identify any specific fund of money, and did not automatically take any money to pay the fine. Indeed, only one of the named Plaintiffs has actually paid the citation. (Doc. 18, PageID ##206-208). Plaintiffs fail to state a Fifth Amendment claim.

Second, the fines in question are not excessive. "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that

9

it is designed to punish." *United States v.* Bajakajian, 524 U.S. 321, 334 (1998). The requisite relationship has defined as "gross disproportionality," the same standard adopted in analyses for cruel and unusual punishment. *Id.* at 336. Here, each fine assessed was $85, and each time the citation was for driving a speed in excess of 10 miles per hour over the posted speed limit. In *Gardner v. City of Cleveland*, which both Plaintiffs and Defendant Village of New Richmond cite in their briefs, a $100 fine for a moving violation was determined to not be excessive. The fine assessed complied with Ohio state law, and was a proportional punishment to the dangerous behavior of speeding.

Finally, Plaintiffs' Second Amended Complaint does not state a claim for either a substantive or procedural due process violation under the Fourteenth Amendment. As Plaintiffs admit in their response brief, "the crux of [their] substantive due process claim is that the citations received were the result of entirely arbitrary and unauthorized conduct." (Doc. 42, PageID #416). Given that the undersigned has already explained why the Speed Cameras did not need to be authorized by ODOT, the Court applies the rational basis test to determine whether the citations violate Plaintiffs' substantive due process rights. Under this test, a "if a statute can be upheld under any plausible justification offered by the state, or even hypothesized by the court, it survives rational-basis scrutiny." *Am. Express Travel Related Servs. Co. v. Kentucky*, 641 F.3d 685, 690 (6th Cir. 2011). As discussed above, the $85 fine is not excessive, and is a punishment proportional to a speeding violation. Ordinance 2018-14 itself cites the justification of the speed camera program as "prevent[ing] speeding and … benefit[ting] the public's health, safety, and welfare." (Doc. 18, PageID #217). Ordinance 2019-06, the current version of the

authorization for speed cameras and the Ordinance cited on Plaintiffs' citations, cites the same reasoning. This suffices as a rational basis to support the citations.

It is uncontested that the citations are civil penalties. Courts in Ohio have previously applied the balancing test in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) when considering allegations of due process violations in relation to automated traffic ordinances. *See Balaban v. City of Cleveland*, 2010 U.S. Dist. LEXIS 10227 at *18 (N.D. Ohio Feb. 5, 2010); see also *Kuczak v. City of Trotwood Police Dep't*, 2016 U.S. Dist. LEXIS 12579 at *45 (S.D. Ohio, Sept. 15, 2016). The *Mathews* test considers the following factors:

> 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through procedures used and the probable value, if any, of additional or substitute procedural safeguards; and 3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedure requirement would entail.

*Id.* In *Balaban*, the Ohio Northern District Court determined that a $100 civil fine did not violate the Fourteenth Amendment under the above test, finding that "the City's substantial interests in public safety and administrative efficiency and the already-existing safeguards outweigh the low risk that Balaban will be erroneously deprived of $100 per citation." *Id.* at *20.

Here, the facts support the same finding. Per the contract between Defendants Village of New Richmond and Sensys Gatso, Defendant Sensys Gatso performs annual calibration of the Speed Cameras, and Defendant Village of New Richmond tests the calibration at least quarterly. (Doc. 18, *Second Amended* Complaint, PageID #221). Prior to a citation being issued, the footage is reviewed by authorized officers of the New Richmond Police Department. (*Id.* at Page Id ## 239 – 246). The citations advise the

alleged traffic violator of his/her rights under ORC §4511.098, which include identifying another individual as liable for the violation, if the record owner of the vehicle was not driving at the time of the violation. Additionally, just as in *Balaban*, Ordinance 2019-06 (under which authority the citations are issued) cites Defendant Village of New Richmond's interest in traffic safety. As a result, the undersigned finds that Defendant Village of New Richmond's speed camera program does not violate procedural due process under the Fourteenth Amendment.

Based on the above, Plaintiffs fail to state a claim of any due process violation. Given that finding, Plaintiffs fail to state a claim under 42 USC § 1983. Defendant Village of New Richmond's Motion for Judgment on the Pleadings should be granted, in part, in regard to Count One of Plaintiffs' class action suit.

      **C.**      **Remaining issues in Defendant Village of New Richmond's Motion for Judgment on the Pleadings, and Defendant Sensys Gatso's Motions to Dismiss and for Judgment on the Pleadings**

The undersigned declines to address the remaining issues raised and briefed by Defendants Village of New Richmond and Sensys Gatso in their respective motions, in regard to Plaintiffs' Counts Two through Four. A district court may decline supplemental jurisdiction over claims brought under state law when the court has dismissed all federal claims over which it had original jurisdiction. 28 U.S.C. §1367(c)(3). Given the recommendation above that the federal question claim in Plaintiffs' Second Amended Complaint be dismissed, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the motions (Docs. 27, 41) should be **DENIED as MOOT** in this regard.

### III.     Conclusion

It is therefore **RECOMMENDED** that Defendant Village of New Richmond's motion for judgment on the pleadings (Doc. 38) be **GRANTED**, in part, as to Plaintiff's § 1983 claim. It is additionally **RECOMMENDED** that Plaintiffs' remaining claims be dismissed without prejudice, to allow them to bring the remaining claims in state court. As such, it is further **RECOMMENDED** that the remaining motions (Docs. 27, 41) be **DENIED as MOOT**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFREY PHILLIPS, et al, | : |
| | : Case No. 1:19-cv-00611 |
| Plaintiffs, | : |
| | : Judge Dlott |
| v. | : |
| | : Magistrate Judge Bowman |
| VILLAGE OF NEW RICHMOND, OHIO, et al, | : |
| | : |
| Defendants. | : |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).